UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RIVKA GREENFELD, on behalf of herself and all others similarly situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>PROFESSIONAL CLAIMS BUREAU, INC.,<br><br>      Defendant. | CIVIL ACTION<br><br>CLASS ACTION COMPLAINT<br><br>AND<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff Rivka Greenfeld ("Plaintiff") is a New York resident who brings this action against defendant Professional Claims Bureau, Inc. ("Defendant"), both on an individual basis and on the behalf of all others similarly situated pursuant to Fed. R. Civ. P. Rule 23, and based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, alleges as follows:

### PRELIMINARY STATEMENT

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws

. . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*.; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id*.; § 1692k.

3. Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008).

4. In determining whether a collection letter violates the FDCPA, courts in the Second Circuit apply the "least sophisticated consumer standard." *Jacobson*, 516 F.3d at 91. In applying this objective standard, it is not relevant whether the particular debtor was confused by the communication that was received. *See Jacobson,* 516 F.3d at 91.

5. In recovering damages under the FDCPA, a consumer need not show that the conduct or communication made by the debt collector was intentional. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 1993). Rather, the FDCPA is a strict liability statute, and a single violation is sufficient to establish civil liability against the debt collector. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir 1993).

6. To establish a violation of the FDCPA, a plaintiff must prove three elements: (i) the plaintiff must be a consumer; (ii) the defendant must be a debt collector; and (iii) the defendant

must have committed some act or omission in violation of the FDCPA. *See Guzman v. Mel. S. Harris & Assocs., LLC*, No. 16 Civ. 3499 (GBD), 2018 U.S. Dist. LEXIS 49622 (S.D.N.Y. Mar. 22, 2018).

7. Conduct by a debt collector in connection with the collection of any debt may violate the FDCPA where it is false, deceptive, or misleading, including but not limited to "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

8. A debt collector is also prohibited from using unfair or unconscionable means to collect or attempt to collect any debt, including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

9. Sections 1692e and 1692f are not mutually exclusive, and the same conduct by a debt collector can violation both sections simultaneously. *See Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 136-36 (2d Cir. 2017).

10. The collection of an invalid debt is an inherently unfair practice under § 1692f. *See id.* at 135. Indeed, "even a partial misstatement of a consumer's debt obligation can be misleading under the FDCPA." *Vangorden v. Second Round, L.P.*, 897 F.3d 433, 442, 2018 U.S. App. LEXIS 20939.

11. Second Circuit case law demonstrates that the collection of an unenforceable debt can give rise to a valid FDCPA claim even where state law is invoked to prove the unenforceable status of the debt. *See Tuttle v. Equifax Check*, 190 F.3d 9, 11 (2d Cir. 1999) (relying on Connecticut statutes to determine whether a service charge in a collection letter was legally unenforceable and therefore a violation of the FDCPA).

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

14. Plaintiff is a natural person and a resident of Brooklyn, New York.

15. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

16. Upon information and belief, Defendant is a New York corporation with a principal place of business in Nassau County, New York.

17. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

18. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

19. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

20. The Class consists of:

(a) all individuals with addresses in the State of New York;

(b) that are enrolled in New York Medicaid;

to whom Defendant sent a collection letter attempting to collect a consumer debt;

(c) that have received a collection letter from Defendant concerning medical debts,

other than co-payments;

(e) which was sent on or after a date one (1) year prior to the filing of this action.

21. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

22. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

5

issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

23. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

24. Depending on the outcome of further investigation and disco, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

25. Some time on or about May 13, 2019, an obligation was allegedly incurred by Plaintiff to North Shore LIJ Medical Group ("North Shore").

26. The alleged debt owed to North Shore stems from medical treatment received by Plaintiff, and arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

27. The alleged North Shore obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. North Shore is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. At an exact time known only to Defendant, the alleged debt was assigned or otherwise transferred to Defendant for collection.

30. On or about June 30, 2020, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

31. Plaintiff received the letter and read it.

32. The Letter states a balance of $1,092.00.

33. Plaintiff is enrolled in New York Medicaid and was enrolled at the time medical services were provided.

34. New York State Medicaid rules dictate that: "[a] Medicaid beneficiary, including a Medicaid managed care or FHPlus enrollee, **must not be referred to a collection agency** for collection of unpaid medical bills or otherwise billed, except for applicable Medicaid co-payments, when the provider has accepted the enrollee as a Medicaid or FHPlus patient."[1]

35. The Letter sent by Defendant is an attempt to collect on the actual debt rather than an applicable co-payment. Plaintiff is not required to pay the debt, and Defendant is prohibited from attempting its collection.

36. Therefore, the Letter misrepresents the status of the debt as collectible. The content and the sending of the Letter violates New York law and the FDCPA.

37. Defendant created a substantial risk that Plaintiff would waive important protections afforded to her under the New York Law and the FDCPA. In response to Defendant's debt collection activities, Plaintiff became uncertain as to her rights and consulted with an attorney.

38. As a result, Plaintiff has been harmed.

---

[1] Found at: https://www.health.ny.gov/healthcare/medicaid/program/update/2014/2014-02.htm

7

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. Defendant violated said section by sending Plaintiff a collection letter that misrepresents the character, amount, or legal status of the debt.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated § 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendant violated said section by sending Plaintiff a collection letter that attempted to collect an invalid debt in violation of § 1692f(1) which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's

conduct violated § 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 16, 2021              **COHEN & MIZRAHI LLP**

                                                                    /s/ Joseph H. Mizrahi
                                                   JOSEPH H. MIZRAHI

JOSEPH H. MIZRAHI
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal

*Attorneys for Plaintiff*